**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MERT MUHAMMET OZBILGI, | : | |
| | : | Civil Action No. 25-19083 |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| WARDEN, DELANY HALL DETENTION CENTER | : | |
| | : | |
| Respondent. | : | |

**CECCHI, District Judge.**

Before the Court is petitioner Mert Muhammet Ozbilgi's ("Petitioner") challenge to the fairness of his bond hearing before an immigration judge ("IJ"). ECF No. 7; *see also* ECF No. 4 (ordering a bond hearing). The Court has reviewed the submissions filed by Petitioner and the Government, which include exhibits submitted with Petitioner's bond application and a transcript of the bond hearing. ECF Nos. 7, 9–11. The Court concludes that Petitioner has not shown that his bond hearing was fundamentally unfair. Accordingly, the Court will close this matter.

## I.    BACKGROUND

Petitioner filed a petition for a writ of habeas corpus on December 30, 2025. ECF Nos. 1–3. The next day, the Court granted the petition to the extent that it ordered the Government to consider Petitioner as detained pursuant to 8 U.S.C. § 1226(a) and provide him with an individualized bond hearing before an IJ. ECF No. 4.

On January 7, 2026, Petitioner appeared before an IJ, who denied Petitioner bond because he failed to prove that he did not pose a danger to the community and that he was not a flight risk. ECF No. 6. As to danger, the IJ noted that Petitioner was cited "25 times from 2023 through 2026,

for driving with a suspended license, parking on a crosswalk, driving/parking an unregistered vehicle (for which he failed to appear), and numerous other parking violations." ECF No. 6-1. As to flight risk, the IJ found that Petitioner had "not established roots or connections to the community in the approximately 3 years he has been in the United States." *Id*.

On January 13, 2026, Petitioner filed a letter with the Court arguing that the IJ "failed to provide a fair and objective" bond hearing. ECF No. 7. Specifically, Petitioner argued that the IJ refused to hear Petitioner's testimony, deeming it a "waste of time." *Id*. at 2. Moreover, Petitioner asserts that the IJ raised her voice during the hearing, "deliberately ignored the Petitioner's documented medical needs, and made erroneous factual conclusions regarding the Petitioner's driving license status based on an uncritical acceptance of traffic tickets." *Id*. The Court then ordered the Government to respond to Petitioner's letter, ECF No. 8, which it did on February 6, 2026. ECF No. 9

## II.    LEGAL STANDARD

Federal courts "lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (citing 8 U.S.C. § 1226(e)). Nevertheless, courts "may review whether the bond hearing was fundamentally unfair." *Id.* A bond hearing is fundamentally fair and complies with due process if three conditions are met: (1) "factfinding based on a record produced before the decisionmaker and disclosed to [the noncitizen]"; (2) the noncitizen is "allowed to make arguments on his or her own behalf"; and (3) there is "an individualized determination of [the noncitizen's] interests." *Id.* (quoting *Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005)).

## III.    DISCUSSION

The Court finds that all three conditions for a fundamentally fair bond hearing were met. First, the IJ made factual findings on the record that referenced the materials Petitioner submitted in support of his bond application. ECF No. 10-1 ("Tr.") at 17:17–19:13, 20:22–24:25; ECF No. 9 (providing the record of exhibits); *see also Vasquez-Rosario v. Noem*, No. 25-7427, 2026 WL 395711, at *2 (E.D. Pa. Feb. 12, 2026) (finding this condition satisfied where "Petitioner had the opportunity to present evidence to the immigration judge," who "engaged" with it "on the record"); *Morgan v. Oddo*, No. 24-221, 2025 WL 2653707, at *5 (W.D. Pa. Sept. 16, 2025) (finding this condition satisfied where both parties submitted evidence in advance of the hearing and those materials were considered at the hearing).

Second, Petitioner was represented by counsel who was permitted to make arguments on his behalf at the bond hearing. *See Perez Flores v. Rokosky*, No. 25-17865, 2025 WL 3677304, at *1 (D.N.J. Dec. 18, 2025) (finding this condition met where "Petitioner was represented by counsel, who made arguments on Petitioner's behalf"); *Cane v. Soto*, No. 25-18008, 2026 WL 63486, at *1 (D.N.J. Jan. 8, 2026) (same). Petitioner asserts that the IJ refused to hear testimony from him at the hearing because the IJ stated that it would be a "waste" of time to have him testify to "minimize" his various traffic violations. *See* ECF No. 7 at 2; Tr. at 11:13–13:3. But although the IJ indicated that she did not believe Petitioner's testimony was necessary, she also stated that she would ask Petitioner questions if needed. Tr. at 11:21–24, 12:21–13:3. In any event, Petitioner's counsel was given the opportunity to present evidence and make arguments on his behalf. This suffices for the purposes of due process. *Perez Flores*, 2025 WL 3677304, at *1; *see also Aron v. Att'y Gen. U.S.*, No. 22-1268, 2022 WL 17959813, at *2 (3d Cir. Dec. 27, 2022) (recognizing that due process in the immigration context requires only an "opportunity to be heard at a meaningful time and in a meaningful manner" and a "reasonable opportunity to present

evidence" at that hearing (quoting *Serrano-Alberto v. Att'y Gen.*, 859 F.3d 208, 213 (3d Cir. 2017))).

Third, the IJ made an individualized determination of Petitioner's interests by deciding on the record that Petitioner had not met his burden to obtain release on bond. *See* Tr. at 24:3–25:2; *De Oliveira-Farias v. McShane*, No. 26-160, 2026 WL 413313, at *2 (E.D. Pa. Feb. 13, 2026) (finding this condition satisfied where the IJ "concluded on the record that Petitioner was a flight risk," thereby identifying a "specific basis for denying bond").

Finally, Petitioner's remaining arguments do not render the hearing fundamentally unfair. Petitioner's contention that the IJ made erroneous factual conclusions or ignored evidence about Petitioner's medical needs, ECF No. 7 at 2, is a challenge to discretionary determinations that are beyond this Court's jurisdiction. *Perez Flores*, 2025 WL 3677304, at *1 (citing 8 U.S.C. § 1226(e)).  Next, even accepting Petitioner's account that the IJ raised her voice during the hearing, ECF No. 7; ECF No. 11 at 2, that would not change the analysis of the factors discussed above. Finally, with respect to Petitioner's due process argument concerning Petitioner's medical needs, claims asserting inadequate medical care are generally not cognizable in a habeas action absent extraordinary circumstances. *Kayian v. Thompson*, No. 23-21623, 2024 WL 64777, at *1 (D.N.J. Jan. 5, 2024) (citing *Folk v. Warden Schuykill ECI*, No. 23-1935, 2023 WL 5426740, at *2 (3d Cir. Aug. 23, 2023)).  Although Petitioner represents that he was previously in a "serious car accident and needs proper medical care," ECF No. 7 at 1, his submissions do not sufficiently demonstrate the type of medical emergency necessary to obtain release on a habeas petition. *See M.M. v. Rokosky*, No. 25-18547, 2025 WL 3687941, at *1–2 & n. 1 (D.N.J. Dec. 19, 2025) (granting release where the petitioner submitted evidence of a "history of heart disease, severe sleep apnea requiring a CPAP machine, and high cholesterol, and that [the petitioner's] serious

health conditions . . . resulted in multiple hospitalizations prior to his detention" and that he was "denied essential medications and a CPAP machine by medical staff at Elizabeth Contract Detention Facility"); *Orozco Delgadillo v. Tsoukaris*, No. 26-1777 (D.N.J. Feb. 26, 2026), ECF No. 3 (granting release on bail where the petitioner was "pregnant, ha[d] medical issues that require[d] surgery, and [was] hospitalized").

The Court does not express any opinion on whether the IJ came to the correct conclusion. Nevertheless, the record compels the finding that Petitioner's bond hearing was fundamentally fair. Therefore, the Court will deny the letter motion and close these proceedings.[1]

## IV.   CONCLUSION

Accordingly, for the reasons stated above, **IT IS** on this 10th day of July, 2026;

**ORDERED** that Petitioner's challenge to the fairness of his bond hearing (ECF Nos. 7, 11) is **DENIED**; and it is further

---

[1] Petitioner also requests immediate release or another bond hearing where the government bears the burden of proof because he has been "detained for over six months without any individualized finding"—*i.e.*, an adequate bond hearing—"that his continued confinement is necessary." ECF No. 12 at 1. As discussed above, however, the Court finds that Petitioner did receive a constitutionally adequate bond hearing on January 7, 2026. And "[a]bsent a showing that his bond hearing was conducted in the absence of Due Process or was otherwise unlawfully conducted," a noncitizen detained under section 1226(a) is "not entitled to a new bond hearing or release simply because he continues to be detained" for a prolonged period after that initial bond hearing. *See Colon-Pena v. Rodriguez*, No. 17-10460, 2018 WL 1327110, at *2 (D.N.J. Mar. 15, 2018) (denying a petition for release or a new bond hearing when the noncitizen, who was detained under section 1226(a), had previously received a "bona fide" hearing). Moreover, as the Government points out, ECF No. 13, the framework that Petitioner relies upon to argue that his detention has become unreasonably prolonged derives from cases that analyze section 1226(c), not 1226(a). *See German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 206–07, 210–11 (3d Cir. 2020). The Third Circuit has distinguished the analysis of prolonged detention under 1226(a) from 1226(c) because, under the latter, a petitioner is not entitled to an initial bond hearing. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 275–80 (3d Cir. 2018) (recognizing that although detention under 1226(a) may become unreasonably prolonged despite an initial bond hearing, the petitioner failed to show a due process violation from his fourteen-month detention following his initial bond determination). Therefore, Petitioner's request for release or a new bond hearing on this basis, ECF No. 12, is denied.

**ORDERED** that in light of Petitioner receiving a fair bond hearing, Petitioner's pending motion for an order to show cause (ECF No. 3) is **DENIED AS MOOT**; and it is further

**ORDERED** that in light of Petitioner receiving a fair bond hearing, the Clerk's Office is directed to mark this case as **CLOSED**.

**SO ORDERED.**

_s/ Claire C. Cecchi_

**HON. CLAIRE C. CECCHI, U.S.D.J.**

6